UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATHLEEN FORTIER,

    Plaintiff,

v.                                                                                   Case No. 8:10-cv-731-T-27EAJ

JABIL CIRCUIT, INC.,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** in this action under the Age Discrimination in Employment Act is Defendant's Motion for Summary Judgment (Dkt. 10). Defendant contends that Plaintiff was not its employee and, in any event, Plaintiff cannot demonstrate that her age was the 'but for' cause of her termination. Because both issues involve disputed facts, the motion (Dkt. 10) is DENIED.

### Background

Jabil Circuit, Inc. had a temporary need for a legal administrative assistant. To fill the position, Jabil turned to The Legal Registry, a company that provides legal staffing services. The Legal Registry selected Kathleen Fortier, a 58 year-old woman. Jabil did not interview Fortier and had no role in selecting her for the position.

Jabil placed Fortier with three female legal assistants whose ages ranged from 28 to 33. The manager of Jabil's legal department, Kathryn Vetter, instructed Fortier that she would be "under their supervision." (Dkt. 19-1, Fortier Aff. ¶ 3). Vetter informed her that the legal assistants would "give [her] work assignments, explain the details of the assignments, and show [her] how to perform the assignments, as well as answer any questions that [she] had in regard to the assignments." (*Id.*).

The legal assistants assigned two filing projects to Fortier. She had discretion to work on

either project at any given time and was not required to complete one task before beginning the next. (Dkt. 15, Vetter Dep. at 40).

At the end of Fortier's third day, Vetter sent an email to The Legal Registry, stating that Jabil wanted to end Fortier's assignment and replace her with another temporary worker. The email noted, "[s]he tends to complain a little more than the staff is comfortable with and she tends to take a lot of breaks." (Dkt. 14-3, Vetter Aff. Ex. 3). The Legal Registry did not immediately contact Fortier.

Not having received the message, Fortier reported to Jabil for a fourth day of work. When the legal assistants did not assign her any work, Fortier asked Vetter if she should return to Jabil the next day. According to Fortier, Vetter responded that the legal assistants wanted "someone younger, more their age." (Fortier Aff. ¶ 6). Vetter remarked, "it's a cultural problem," which she explained by stating, "the girls want someone more their age to work with, and I agree with them." (*Id.*).

In total, Fortier worked 22.5 hours at Jabil over the course of four days. Jabil did not pay Fortier or provide her with any employment benefits, such as health insurance, retirement benefits, or annual leave. Instead, she was compensated by The Legal Registry on a W-2 basis.

Fortier commenced this action against Jabil for violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, *et seq*. Jabil moved for summary judgment, arguing first, that it was not Fortier's employer and, second, that Fortier cannot demonstrate that age was the 'but for' cause of her termination.

**Standard**

Summary judgment is proper if following discovery, the pleadings, depositions, answers to interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56. "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. Northern*

*Crossarm Co.*, 357 F.3d 1256, 1259 (11th Cir. 2004). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260.

The Court will not weigh the evidence or make findings of fact. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003). Rather, "the evidence of the non-movant is to be believed." *Hickson*, 357 F.3d at 1260 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). All factual inferences reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Id.* In resolving a motion for summary judgment, "the court's role is limited to deciding whether there is sufficient evidence upon which a reasonable juror could find for the non-moving party." *Morrison*, 323 F.3d at 924.

## Analysis

**A.     Fortier's employer**

The ADEA prohibits an "employer" from engaging in certain unlawful practices, such as "discharg[ing] any individual . . . because of such individual's age." 29 U.S.C. § 623(a). The threshold question, therefore, is whether Jabil was Fortier's employer. Although a temporary staffing agency sent Fortier to Jabil, this fact is not dispositive. *See, e.g., Reynolds v. CSX Transp.*, 115 F.3d 860, 869 n.12 (11th Cir. 1997), *vacated on other grounds*, 524 U.S. 947 (1998); *Porter v. Erie Foods Int'l, Inc.*, 576 F.3d 629, 634 n.5 (7th Cir. 2009); *Amarnare v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 611 F. Supp. 344, 348-49 (S.D.N.Y. 1984), *aff'd sub nom. Aharnare v. Merrill Lynch*, 770 F.2d 157 (2d Cir. 1985). Rather, the parties agree that the question is governed by the test set forth in *Cobb v. Sun Papers, Inc.*, 673 F.2d 337, 340-41 (11th Cir. 1982).

The Eleventh Circuit has not decided whether the ADEA's definition of 'employer' is determined by the common law agency test or the "hybrid" test set forth in *Cobb v. Sun Papers*, which considers both agency principles and the "economic realities." *See Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1266-67 (11th Cir. 1997); *Daughtrey v. Honeywell, Inc.*,

3 F.3d 1488, 1495-96 (11th Cir. 1993). The distinction, however, is largely academic. As the Second Circuit observed, "in practice there is little discernible difference between the hybrid test and the common law agency test." *Frankel v. Bally, Inc.*, 987 F.2d 86, 90 (2d Cir. 1993).

Under both tests, "the extent of the employer's right to control the 'means and manner' of the worker's performance is the most important factor to review . . . ." *Cobb*, 673 F.2d at 340 (quoting *Spirides v. Reinhardt*, 613 F.2d 826, 831 (D.C. Cir. 1979)); *Daughtrey*, 3 F.3d at 1495 (agency test "focuses primarily" on this factor). Other factors include:

> (1) the kind of occupation, with reference to whether the work usually is done under the direction of a supervisor or is done by a specialist without supervision; (2) the skill required in the particular occupation; (3) whether the "employer" or the individual in question furnishes the equipment used and the place of work; (4) the length of time during which the individual has worked; (5) the method of payment, whether by time or by the job; (6) the manner in which the work relationship is terminated; i.e., by one or both parties, with or without notice and explanation; (7) whether annual leave is afforded; (8) whether the work is an integral part of the business of the "employer"; (9) whether the worker accumulates retirement benefits; (10) whether the "employer" pays social security taxes; and (11) the intention of the parties.

*Cobb*, 673 F.2d at 340 (quoting *Spirides*, 613 F.2d at 832); *Daughtrey*, 3 F.3d at 1495 (agency test relies on similar factors which are set forth in *Nationwide Mutual Insurance Co. v. Darden*, 503 U.S. 318, 323-24 (1992)).

Weighing these factors, there is evidence supporting the contention that Jabil was not Fortier's employer. The term of her work with Jabil was quite short. *See Lockett v. Allstate Ins. Co.*, 364 F. Supp. 2d 1368, 1375 (M.D. Ga. 2005) ("Typically, the longer an employment relationship the more likely an individual is an employee."). Jabil did not pay her, did not withhold taxes on her behalf, and did not provide any health benefits, retirement benefits, or annual leave. Jabil terminated her by contacting The Legal Registry. In addition, there is evidence that Jabil did not intend for Fortier to be considered an employee. Fortier did not go through Jabil's hiring or orientation process.

And unlike Jabil's other employees, Fortier was not given a telephone, computer, or email address.

On the other hand, there is also evidence which favors a finding that Jabil was Fortier's employer. The work was performed at Jabil's offices and appears to have been an integral part of its business. The filing work did not demand a high level of skill. *See Lockett*, 364 F. Supp. 2d at 1374 (persons not performing work requiring substantial training and expertise are more likely to be employees). Jabil supervised Fortier, set her schedule, and furnished any necessary equipment.

But as for the "most important factor" – the "employer's right to control the 'means and manner' of the worker's performance" – the facts remain in dispute. *Cobb*, 673 F.2d at 340 (quotation omitted). Fortier was informed that the three legal assistants would "give [her] work assignments, explain the details of the assignments, and show [her] how to perform the assignments." (Fortier Aff. ¶ 3). As Jabil observes, there is also evidence that Fortier had discretion to control which task she would perform. Accordingly, there are unresolved issues of fact regarding the degree of control that Jabil exercised over the manner in which Fortier performed the work. Regardless of whether the hybrid test or agency test is applied, summary judgment is improper. *Daughtrey*, 3 F.3d at 1496; *see Garcia*, 104 F.3d at 1266-67.

**B.     Age Discrimination**

A disparate treatment claim under the ADEA requires a plaintiff to prove that "age was the 'but-for' cause of the challenged adverse employment action." *Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2352 (2009). Proof may be by direct or circumstantial evidence. *Id.* at 2351; *Mora v. Jackson Mem'l Found., Inc.*, 597 F.3d 1201, 1204 (11th Cir. 2010) (per curiam).

"Direct evidence is evidence, that, if believed, proves the existence of a fact without inference or presumption." *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1086 (11th Cir. 2004) (quotation and alterations omitted). The evidence must reflect "a discriminatory or retaliatory attitude correlating to the discrimination or retaliation complained of by the employee." *Id.* (quotation

omitted). "Only the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of age, constitute direct evidence of discrimination." *Van Voorhis v. Hillsborough Cnty. Bd. of Cnty. Comm'rs*, 512 F.3d 1296, 1300 (11th Cir. 2008) (quoting *Carter v. City of Miami*, 870 F.2d 578, 582 (11th Cir. 1989) (alterations omitted)). Statements such as "[I don't] want to hire any old pilots," "Fire Early-he is too old," or "when the position open[s] up, the company [will] be looking for a person younger than Lindsey to fill it" constitute direct evidence of age discrimination. *Id.*; *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990); *Lindsey v. Am. Cast Iron Pipe Co.*, 772 F.2d 799, 801-02 (11th Cir. 1985).

Fortier averred that Vetter's explanation for ending her assignment and requesting a replacement was that the legal assistants wanted "someone younger, more their age." (Fortier Aff. ¶ 6). Vetter further explained, "the girls want someone more their age to work with, and I agree with them." (*Id.*). These statements, if believed by the jury, constitute direct evidence. The remarks directly correlate the reason for terminating Fortier with the desire to replace her with a younger individual. The intent "could be nothing other than to discriminate on the basis of age." *Van Voorhis*, 512 F.3d at 1300 (quotation omitted).

Jabil contends that the remarks, at most, demonstrate the age bias of legal assistants who had no control or influence over Vetter's decision. But Vetter obtained feedback from the legal assistants and admitted that "[b]ased on their feedback, I decided to terminate her temporary assignment." (Vetter Dep. at 25). Further, there is evidence that Vetter "agree[d]" that the legal assistants should work with someone younger. (Fortier Aff. ¶ 6).

Of course, Jabil denies Fortier's version of the events. Whether Vetter did indeed give age-related reasons for terminating Fortier's assignment is a question of fact that is likely to depend on the credibility of the witnesses. A reasonable jury "could accept that [Vetter] made the discriminatory-sounding remarks and that the remarks are sufficient evidence of a discriminatory

motive which was the 'but for' cause of Plaintiff's dismissal." *Mora*, 597 F.3d at 1204.

## Conclusion

Accordingly, Defendant's motion for summary judgment (Dkt. 10) is **DENIED**.

**DONE AND ORDERED** this 5th day of May, 2011.

                                      JAMES D. WHITTEMORE
                                      United States District Judge

Copies to:
Counsel of Record